UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal Action No. 98-329-06 (RCL) |
| | : | |
| **SEAN COATES,** | : | |
| | : | |
| **Defendant.** | : | |

**UNITED STATES' UNOPPOSED MOTION FOR EXTENSION OF TIME IN
WHICH TO FILE ITS RESPONSE TO DEFENDANT'S MOTION PURSUANT
TO 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits the United States' Unopposed Motion for Extension of Time in Which to File its Response to Defendant's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. As grounds for this request, the United States asserts:

1. On February 19, 2008, the defendant filed a Motion Pursuant to 28 U.S.C. § 2255, to Vacate, Set Aside or Correct Sentence ("defendant's motion").

2. On March 5, 2010, this Court issued an Order directing that the Government respond to the defendant's motion no later than 30 days from the Court's Order, or by April 5, 2010.

3. The United States needs additional time to locate its trial and appellate files, and to review the files and transcripts of the trial proceedings to enable the Government to respond sufficiently to the defendant's motion, and to those of his co-defendants, Samuel Carson and William Sweeney, by incorporating the relevant information with citation to the record in the Government's responsive pleading. The United States anticipates that the review of the trial record and citation to the record will be a time-consuming process, since the trial was approximately seven and a half months long, beginning with jury selection on January 4, 2001, and ending with the final jury

verdicts on August 14, 2001.  The demands of other matters presently assigned to undersigned counsel for the Government is an additional basis for the request for a ninety-day extension of time.  This Court may properly consider the prosecutor's workload in determining the time to respond to a collateral attack motion.  For example, the Advisory Committee Note to Rule 4 of the Rules Governing Section 2254 Cases provides:

> In view of the widespread state of work overload in prosecutors' offices (see, e.g. <u>Allen</u>, [424 F.2d 134, 141 (6th Cir. 1970)], additional time is granted in some jurisdictions as a matter of course.  Rule 4, which contains no fixed time requirement, gives the discretion to take into account various factors such as the respondent's workload and the availability of transcripts before determining a time within which an answer must be made.

<u>Rules Governing Section 2254 Cases in the United States District Courts</u>, Advisory Committee Note to Rule 4.

4.      This is the United States' first motion for an extension of time, and the Government submits that the amount of time requested in this motion is reasonable under the circumstances, and will not prejudice the defendant.

5.      Undersigned counsel for the United States notified counsel for the defendant of the Government's intention to seek a ninety day extension of time, and counsel for the defendant represented that she does not oppose the United States' motion.

6.      Accordingly, for the foregoing reasons, the United States respectfully requests that the Court grant its unopposed request for an extension of ninety days in which to file the United States' response to the defendant's motion.

7.      A proposed order is attached.

Respectfully submitted,

RONALD C. MACHEN JR.
UNITED STATES ATTORNEY
D.C. Bar Number 447-889

ROBERT D. OKUN
Assistant United States Attorney
Chief, Special Proceedings Division
D.C. Bar No. 457-078

_____/S/_____
MARY ANN SNOW
Assistant United States Attorney
D.C. Bar No. 379-757
mary.ann.snow@usdoj.gov
United States Attorney's Office
Special Proceedings Division, Room 10-452
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 353-8885

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I caused a copy of the foregoing to be filed via the United States District Court's Electronic Case Filing system and served on counsel for the defendant, Veronice A. Holt, Esquire, W111 3003 Van Ness, N.W., Washington, D.C. 20008, this 5th day of April, 2010.

_____
MARY ANN SNOW
Assistant United States Attorney