UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SEAN COATES, et al.,
    Defendant,

    vs                   Criminal No. 98-329-6(RCL)

UNITED STATES OF AMERICA,
    Respondant.

**FILED**

DEC - 3 2012

Clerk, U.S. District & Bankruptc:
Courts for the District of Columbi

## DEFENDANT'S REQUEST FOR JUDICIAL REVIEW

Now Comes, Sean Coates, hereinafter, Defendant, pro se., to respectfully request a judicial review of the Federal Bureau of Prisons (BOP) justification for an administrative separation order on this Defendant and his co-defendants Samuel Carson, Vincent Hill, William Sweeney and Jerome Martin.

### STANDARD OF REVIEW

In this cause, Defendant is proceeding pro se. A pro se litigant's pleadings are to be construe liberally and held to a less stringent standard than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519,520-21, 30 L.Ed.2d 652, 92 S.Ct. 594(1972); see also Estelle v. Gamble, 429 U.S. 97,106, 50 L.Ed.2d 251, 97 S.Ct. 285(1976). A court should make a reasonable attempt to read the pleadings to state a valid claim on which the defendant could prevail, despite the defendant's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with the pleading requirements

RECEIVED
Mail Room

DEC - 3 2012

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

## CASE HISTORY

In 2002, the district court sentence the defendants to lengthy terms of imprisonment. Each recieved at least a life sentence. Each also received consecutive sentences beyond life imprisonment. In setting these sentences, the district court made no statements regarding these defendants' being separated from each other within the BOP. In July 2008, the defendants attempted to have the BOP remove any separation orders between them in order that they be able to collaberate their legal issues. This motion was denied by Judge Thomas F. Hogan, due to the lack of jurisdiction. In July 2012, this Defendant again filed a motion to this Court requesting the courts assistance in have the BOP remove all separations orders between the defendants in this case. On July13, 2012, the Honorable Royce C. Lamberth, Chief Judge, US District Court ORDERED that the defendant's motion is denied without prejudice to appropriate judicial review following exhaustion of administrative remedies. On October 9, 2012, this Defendant exhausted all of the BOP administrative remedies and therefore presents this cause of action.

## JUDICIAL REVIEW

This court has long noted the general presumption that agency action is subject to judicial review unless Congress manifests "clear and convincing evidence' of intent to foreclose such review, id. at 758 (citing Abbott Laboratories v. Gardner, 387 U.S. 136, 141, 87 S.Ct. 1507, 18 L.Ed.2d 681(1967)), and reviewed the legislative history of enacting legislation, the Sentencing Reform Act of 1984. Id. That Act, in the

court's view, manifested congressional intent to preclude judicial review

of adjudications, but not rulemaking.  Id. at 759: see also H. Rep.

No. 98-1030, 98th Cong.2d Sess.  149(1984), reprinted in 1984 U.S.C.C.A.N.

3182,3332 (stating that judicial of rulemaking, but not "adjudications[s]

of specific cases," is available).

### ARGUMENT

In this case, the defendant[s] challenges the BOP's lack of

justification to support a administrative separation order between these

co-defendants.  The Defendants' complaint involves a challenge to a BOP

administrative action.  Therefore, the Court's review is limited to the

administrative record.  Camp vs Pitts, 411 U.S. 138, 142, 3G L.Ed. 2d 109,

93 S.Ct. 1241(1973).  The BOP's adminstrative record, in this case, fails

justify why the defendants should be separated.  Having completely

exhausted all adminstrative remedies, the Defendant's "need to determine

whether a formal BOP separation order exist," Parrott.v.United.States,

536 F.3d 629(7thCir.2008)) is of utmost importance.

In accordance with BOP Policy Statement OPI: CPD Number 5180.05(8)(b)

when addressing the need for and notification of a inmate separation order

reads in pertinent part:

> b.  Notification.  The case manager shall ensure that the affected inmate is
> notified in writing as promptly as possible of the classification and the
> basis for it.  Witness security cases will be notified through a commitment
> interview. The notice of the basis may be limited in the interest of security
> or safety...The inmate shall sign for and receive a copy of the separation
> notification form...Any subsequent modification of a CIM assignment or removal
> from the CIM system requires separate notificaiton to the inmate.

In this case, none of the defendants were given notification that a

BOP administrative separation order was put in place.

Moreover, BOP Policy Statement OPI: CPD/PSB Number 5324.09(e), states, "[E]very 30 days, the facility shall afford each inmate a review to determine whether there is a continuing need for separation."  This Defendant now claims that he has been incarcerated in the BOP for 10 years and had never been reviewed concerning the separation between him and his co-defendants.

Its quintessentially clear that the BOP has failed to comply with its own policies in this case in terms of providing the administrative documentation necessary and required to justify separating this Defendant from his co-defendants.  The BOP has failed to provide sufficient informatio to establish that this Defendants or his co-defendants should not be confined in the same institution.  28 C.F.R. §524.72(f) provides direction for the BOP in determining the need to separate inmates institutionally wide.  The factors the BOP considers in classifying an individual to this (Separation) assignment include, whether the inmate has exhibited aggressive or intimidating behavior towards other specific individuals... inmates who have provided authorities with information concerning the unauthorized or illegal activites of others; or inmates with a history of disrupting operations and security in federal penal institutions. In light of these factors, this Defendant claims that he nor his co-defendants qualify to be separated from each other.  Further, the BOP has not provided nor maintain an administrative record to support or to justify this continued separation between this Defendant and his co-defendants'.   28 C.F.R. §524 - Central Inmate Monoring system Assignment category makes clear that the prison classification has the

authority to modify an inmate custody classification pursuant to 28 C.F.R. §§524.10-14 & 5-1.11(d). This Defendant has constantly respectfully requested that the BOP exercise its authority and remove the improper separations orders by way of cancellation. Thus far, the BOP has failed to respond. This lack of response from an agency of the United States of America provided the fodder for this instant motion to this Honorable Court.

## WHETHER BOP ADMINISTRATIVE SEPARATIONS HENDER DEFENDANT'S REHABILITATION

As presented before this Defendant and his co-defendants are serving life-extinguishing sentences. This Defendant avers that under normal circumstances the BOP will allow a inmate to transfer to different federal facilities. These transfers (409's) are generally based upon the conduct of that inmate while at the facility they seek transfer. Most facilities require 18 months to 1 year clear conduct in order to be considered for such a transfer. This Defendant as well as the other defendants have attempted to be transfered to other federal facilities after maintaining 18 months or more of clear conduct, have been denied transfers due mostly because the the BOP's administrative separation order between the defendants in this cause. Inmates serving life sentences have little to look forward to with the exception of being able to be transferred to a federal facility that would provide a more comfortable setting for him or her to spend their remaining years, and to be at a facility that would allow for them to recieve visits from family and loved ones. Clearly, the BOP separations, without justification, serves no useful purpose and only henders the rehabilitative efforts of the defendants.

## CONCLUSION

If I may, this Defendant respectfully request this Honorable Court to conduct a Judicial Review of the Administrative policies of the Federal Bureau of Prisons that require this Defendant to be separated from his co-defendants. Further, if this Court determines there is no justification for such separations, Defendant respectfully request the Court to recommend that the BOP cancel the separation order between these co-defendants.

Respectfully Submitted,

Sean Coates, Pro Se
Fed.No. 01181-748
USP Allenwood - POB 3000
White Deer, Pa. 17887

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing motion was mailed first class postage prepaid to the Office of the U.S. Attorney, U.S. District Court, 555 4th Street, NW, WDC 20001, on this 29 day of November 2012.

Sean Coates, #01181-748
USP Allenwood - POB 3000
White Deer, Pa., 17887